UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| VANCE GREENE<br>14728 Mount Calvert Road<br>Upper Marlboro, Maryland 20722<br>Prince George's County<br><br>TIFFANY CANNON<br>14728 Mount Calvert Road<br>Upper Marlboro, Maryland 20722<br>Prince George's County<br><br>**Plaintiffs**<br><br>v.<br><br>CROWN EQUIPMENT CORPORATION<br>44 South Washington Street<br>New Bremen, Ohio 45869<br><br>Serve:<br>The Corporation Trust, Inc.<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland<br>21093<br><br>**Defendant.** | Civil Action No.<br><br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

COMES NOW, the Plaintiffs, VANCE GREENE and TIFFANY CANNON, by and through counsel, and hereby bring this Complaint for damages against the Defendant, CROWN EQUIPMENT CORPORATION, and aver the following:

## PARTIES AND JURISDICTION

1. Plaintiff VANCE GREENE, at all times mentioned, was and is an adult resident of Maryland.

2. Plaintiff TIFFANY CANNON, at all times mentioned, was and is an adult resident of Maryland.

3. Defendant CROWN EQUIPMENT CORPORATION (hereinafter "CROWN") at all times mentioned, was and is an Ohio corporation, organized and existing under the laws of the state of Ohio, with its principal place of business located at 40 South Washington Street, New Bremen, Ohio 45869.

4. Defendant CROWN is authorized to do and does business in the state of Maryland and has a registered agent with the Maryland Department of State for the purpose of service of process located at The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093.

5. At all relevant times herein, Defendant CROWN transacted and still transacts business within the state of Maryland.

6. At all relevant times herein, Defendant CROWN performed and still performs work within the state of Maryland.

7. At all relevant times herein, Defendant CROWN contracted and still contracts to supply goods, services or manufactured products within the state of Maryland.

8. At all relevant times herein, Defendant CROWN committed tortious acts outside of the state of Maryland causing injury to person in the state of Maryland.

9. At all relevant times herein, Defendant CROWN did and does regularly solicit business and engage in a persistent course of conduct in the state of Maryland.

10. At all relevant times herein, Defendant CROWN derived and still derives substantial revenue from goods and manufactured products used and/or services rendered within the state of Maryland.

11. At all relevant times herein, Defendant CROWN designed, manufactured and sold products used in Maryland, including the lift truck which is the subject of this lawsuit.

12. At all relevant times herein, Defendant CROWN expected or should have reasonably expected its acts to have consequences within the state of Maryland.

13. At all relevant times herein, Defendant CROWN derived and still derives substantial revenue from interstate and international commerce.

14. Defendant CROWN designed, manufactured, assembled, tested, labeled, inspected, marketed, distributed, promoted, sold and monitored the product which is the subject of this lawsuit, a Crown RC3020-30 lift truck, serial number: 1A241011 ("the subject lift truck").

15. At all relevant times herein, Defendant CROWN was the designer, manufacturer, assembler and seller of the subject lift truck.

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

17. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

18. On October 5, 2018, Plaintiff GREENE was an employee of Maryland Industrial Trucks, Inc. As a part of his employment, Plaintiff GREENE regularly performed maintenance on lift trucks.

19. At the time of the subject incident, Plaintiff GREENE was certified to operate lift trucks similar to, and including, the subject lift truck.

20. Upon information and belief, at some point prior to the subject incident, Defendant CROWN sold and/or distributed the subject lift truck to Regency Fireplace Products located at 2201-B Lakeside Blvd., Edgewood, MD 21040 ("Regency").

21. On October 5, 2018, as a part of his duties as an employee for Maryland Industrial Trucks, Plaintiff GREENE went to Regency to perform preventative maintenance on the subject lift truck.

22. At this time and place, Plaintiff GREENE entered the warehouse at Regency and located the subject lift truck. Plaintiff GREENE needed to move the subject lift truck closer to his work van, which was parked outside the warehouse, so that he could perform the necessary maintenance.

23. Plaintiff GREENE boarded the subject lift truck and began to drive it, forks trailing, through the warehouse toward the exit.

24. To get back to his work van, Plaintiff GREENE needed to drive the subject lift truck out of the warehouse and down a ramp to the parking lot where his work van was parked.

25. As Plaintiff GREENE approached the ramp, he was traveling at a crawling speed; however, as the subject lift truck descended the ramp, the subject lift truck began to accelerate uncontrollably.

26. Plaintiff first attempted to apply the floor brake in order to stop or slow the subject lift truck, but the application of the floor brake did not stop or slow the subject lift truck.

27. In order engage the floor brake, the design of the subject lift truck required Plaintiff GREENE to raise his left foot from the floor of the subject lift truck.

28. Plaintiff GREENE next tried to disconnect the power to the subject lift truck in an effort to stop.

29. At some point during the incident, Plaintiff GREENE's left foot exited the subject lift truck's occupant compartment because of the defective brake design and the lack of a door or guard on the occupant compartment entry and exit point.

30. The subject lift truck impacted a concrete barrier on the side of the ramp and Plaintiff GREENE's left foot was crushed between the subject lift truck and the concrete barrier, causing immediate amputation of Plaintiff's left foot.

31. As a direct and proximate result of the aforementioned events, Plaintiff GREENE suffered severe and permanent injuries, including but not limited to, amputation of Plaintiff's left foot, which ultimately required his leg to be amputated below the knee. These injuries required substantial medical, hospital, nursing and allied care, treatment and evaluation, including surgical intervention, physical rehabilitation, and prescriptions.

32. Plaintiff GREENE will suffer from these injuries for the rest of his life and as a direct and proximate result of the aforementioned events will incur further damages in the future including but not limited to: impaired mobility in gait; impaired self-care and activities of daily living; permanent disability of the body as a whole; weakness, lack of stamina, pain, suffering and emotional and mental anguish; lost wages and permanent impairment of his earning capacity and permanent impairment of the enjoyment of life.

## CAUSES OF ACTION
### Count I – Strict Liability – Defective Design

33. Plaintiff incorporates and realleges paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. The subject lift truck and its parts and components were designed, manufactured, assembled, tested, labeled, inspected, marketed, distributed, monitored, promoted, and sold by Defendant CROWN.

35. Defendant CROWN was in the business of selling products such as, and including, the subject lift truck.

36. Defendant CROWN expected the subject lift truck to reach the end user without substantial change to the condition in which it was sold.

37. At the time of the subject incident, the subject lift truck was in substantially the same condition that it was in when it was placed into the stream of commerce by Defendant CROWN.

38. The subject lift truck, when used foreseeably and as intended, was defective and unreasonably dangerous when Defendant CROWN placed it into the stream of commerce because the subject lift truck had one or more of the following defects:

    a. The subject lift truck did not have a door or guard to protect the operator in the event of a collision;

    b. The subject lift truck's brake pedal required the operator to raise his left foot to activate the brake which increased the likelihood of crush injuries outside the occupant compartment;

    c. The subject lift truck's brake pedal was designed in a location that exposed the operator's left leg and foot to an unguarded area;

    d. The subject lift truck lacked a safe and effective occupant compartment zone;

6

      e. The subject lift truck's plugging or hand control system was subject to failure or inconsistent performance during foreseeable use;

      f. The subject lift truck was defective due to its propensity to accelerate uncontrollably while descending a foreseeable ramp or grade;

      g. The subject lift truck lacked a ramp or incline speed control and stability system intended to keep the lift truck at a safe and controllable speed when descending a ramp or grade;

      h. Failure to equip the subject lift truck with or to notify consumers of feasible alternative designs which were available and in production in the United States at the same time that the subject lift truck was designed, manufactured, assembled, tested, labeled, inspected, marketed, distributed, monitored, promoted and sold by the Defendant CROWN.

39. The defects alleged above rendered the subject lift truck unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer with the ordinary knowledge common to the community as to the subject lift truck's characteristics.

40. Defendant CROWN knew or should have known of the substantial dangers involved in the reasonably foreseeable and intended use of the subject lift truck and its parts and components, whose defective design caused Plaintiff GREENE to suffer his debilitating injuries.

41. As of January 2005, at or around the time the subject lift truck was designed and manufactured, Defendant CROWN was on notice of over 460 serious lower left extremity injuries resulting from a lift truck hitting a fixed object such as a pole or wall.

42. Moreover as of the date of the subject incident, Defendant CROWN was on notice of over 1,200 lower left extremity injuries suffered while using a Crown standup rider lift truck.

43. Defendant CROWN knew of the defects alleged herein through hundreds of other similar incidents, lawsuits, customer complaints, reports and other sources but failed to redesign the subject product's brake pedal design or equip the subject product with necessary, reasonable, and feasible safety features including but not limited to a door or occupant compartment guard.

44. As a direct and proximate result of Defendant CROWN's defective design of the subject lift truck, Plaintiff VANCE GREENE was caused to suffer past, present and future damages in excess of $75,000, including but not limited to economic damages, expenses for medical treatment, lost wages and permanent impairment of earning capacity, permanent impairment of the enjoyment of life, physical pain and suffering, and emotional and psychological pain and suffering.

45. Therefore, Defendant CROWN is strictly liable in tort for the damages suffered by Plaintiff GREENE as a direct and proximate result of the defective design of the subject lift truck.

## Count II – Strict Liability –Failure to Warn

46. Plaintiff incorporates and realleges paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47. At all times relevant hereto, Defendant CROWN failed to warn users of the subject lift truck of the dangers related to the product and specifically the aforementioned defective design of which CROWN knew, or should have known, and which were not obvious to the user and/or which the user might not reasonably anticipate and fully appreciate.

48. The subject lift truck was expected to and did reach the end user without substantial change to the condition it was in when CROWN placed it in the stream of commerce.

49. At all times relevant hereto, Defendant CROWN knew or should have known that due to the brake pedal design and lack of an occupant compartment guard or door, that in a situation in which the operator was required to use the left foot brake pedal, the user was exposed to an unreasonable risk of serious injury to his or her lower left leg.

50. As of January 2005, at or around the time the subject lift truck was designed and manufactured, Defendant CROWN was on notice of over 460 serious lower left extremity injuries resulting from a lift truck hitting a fixed object such as a pole or wall.

51. Moreover as of the date of the subject incident, Defendant CROWN was on notice of over 1,200 lower left extremity injuries suffered while using a Crown standup rider lift truck.

52. At all times relevant hereto, Defendant CROWN had a continuing duty to warn of product defects which it becomes aware of or discovers after the time of sale.

53. At all times relevant hereto, Defendant CROWN was aware of the defects in the subject lift truck and its parts and components, through hundreds of other similar incidents, lawsuits, customer complaints, reports and other sources but failed to warn Plaintiff GREENE, other users and/or the general public of the risks associated with the same.

54. Because of Defendant CROWN's failure to warn both pre-sale and post-sale, the subject lift truck was in a defective condition at the time it left the control or possession of CROWN and was unreasonably dangerous to the users of the subject lift truck.

55. As a direct and proximate result of Defendant CROWN's failure to warn both pre-sale and post-sale, Plaintiff VANCE GREENE was caused to suffer past, present and future damages in excess of $75,000, including but not limited to economic damages, expenses

for medical treatment, lost wages and permanent impairment of earning capacity, permanent impairment of the enjoyment of life, physical pain and suffering, and emotional and psychological pain and suffering.

56. Therefore, Defendant CROWN is strictly liable in tort for the damages suffered by Plaintiff GREENE as a direct and proximate result of CROWN's failure to warn.

### Count III – Breach of Warranty

57. Plaintiff incorporates and realleges paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58. Defendant CROWN warranted and represented, both expressly and impliedly, that the subject lift truck was reasonably safe, fit for its intended purpose and reasonably foreseeable uses, and of merchantable quality.

59. Plaintiff relied upon the skill and judgment of Defendant CROWN and upon the aforesaid warranties and representations and expected that the subject lift truck was reasonably safe.

60. Defendant CROWN's representations and warranties were false and misleading because the subject lift truck was defective, hazardous, dangerous, not reasonably safe, not crashworthy, not fit for its intended or reasonably foreseeable uses, not of merchantable quality and did not meet the expectations of consumers, including Plaintiff GREENE.

61. Thus, Defendant CROWN breached its expressed and implied warranties.

62. As a direct and proximate result of Defendant CROWN's breach of warranty, Plaintiff VANCE GREENE was caused to suffer past, present and future damages in excess of $75,000, including but not limited to economic damages, expenses for medical treatment, lost wages and permanent impairment of earning capacity, permanent impairment of the enjoyment of life, physical pain and suffering, and emotional and psychological pain and suffering.

## Count IV – Negligence

63. Plaintiff incorporates and realleges paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. At all times relevant hereto, Defendant CROWN had a duty to use reasonable care in the design, manufacturing, assembling, testing, labeling, inspecting, marketing, distributing, monitoring, promoting, selling, servicing and maintaining of the subject lift truck, its parts and components.

65. Defendant CROWN breached its duty of care with respect to the subject lift truck, in that the subject lift truck was defective and unreasonably dangerous for its foreseeable uses due to the defects alleged herein and a lack of adequate warnings for known hazards.

66. At all times relevant hereto, Defendant CROWN had a continuing duty to warn of product defects which it becomes aware of or discovers after the time of sale.

67. As of January 2005, at or around the time the subject lift truck was designed and manufactured, Defendant CROWN was on notice of over 460 serious lower left extremity injuries resulting from a lift truck hitting a fixed object such as a pole or wall.

68. Moreover as of the date of the subject incident, Defendant CROWN was on notice of over 1,200 lower left extremity injuries suffered while using a Crown standup rider lift truck.

69. Defendant CROWN breached its post-sale duty to warn by failing to provide an adequate warning for the known hazards alleged herein despite the countless other incidents putting it on notice thereof.

70. Defendant CROWN was aware of the defects in the subject lift truck and its parts and components, through hundreds of other similar incidents, lawsuits, customer complaints, reports and other sources, but negligently failed to take reasonable and appropriate steps to

11

redesign the subject lift truck or warn Plaintiff GREENE, other users and/or the general public of the risks associated with the same. Moreover, Defendant CROWN continued and continues to sell these products, even after being put on notice of serious injuries resulting from the subject lift truck.

71. Defendant CROWN knew or should have known that the design of the subject lift truck was defective and created an unreasonable risk of injury to users of the subject lift truck including Plaintiff GREENE.

72. The fact that Defendant CROWN has sold similar lift trucks, equipped with doors or guards on the operator compartment, to other customers on special request after numerous injuries, further demonstrates their lack of reasonable care in selling the subject lift truck without those same safety devices and measures.

73. Defendant CROWN's negligence in failing to properly design, manufacture, and communicate the defect in the subject lift truck created a clear and immediate risk of serious bodily injury to the end users of the product.

74. As a direct and proximate result of Defendant CROWN's negligence, Plaintiff VANCE GREENE was caused to suffer past, present and future damages in excess of $75,000, including but not limited to economic damages, expenses for medical treatment, lost wages and permanent impairment of earning capacity, permanent impairment of the enjoyment of life, physical pain and suffering, and emotional and psychological pain and suffering.

75. Therefore, Defendant CROWN is liable in tort for the damages suffered by Plaintiff GREENE as a direct and proximate result of CROWN's negligence.

### Count V – Loss of Consortium

76. Plaintiff incorporates and realleges paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77. Plaintiff TIFFANY CANNON is and was at all times relevant hereto the lawful spouse of Plaintiff VANCE GREENE.

78. As a direct and proximate result of the defects in the subject lift truck and the negligent acts and omissions of Defendant CROWN, as described in the above Paragraphs of this Complaint, Plaintiff TIFFANY CANNON has suffered a loss of spousal consortium, including a loss of companionship, society, services, affection, assistance, sexual relations and other amenities of married life.

WHEREFORE, Plaintiffs VANCE GREENE and TIFFANY CANNON demand judgment of and against Defendant CROWN EQUIPMENT CORPORATION for compensatory damages in excess of $75,000.00, fees and costs, as well as such further and additional relief as the nature of this case may require and which this Honorable Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**ASHCRAFT & GEREL, LLP**

/s/ *Drew LaFramboise*
Drew LaFramboise, Esq. (#20288)
8403 Colesville Rd., Ste. 1250
Silver Spring, MD 20910
(301) 770-3737
(301) 881-6132 fax
dlaframboise@ashcraftlaw.com